UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CLM PARTNERS LLC,                    )
                                     )
                    Plaintiff,       )       Case No. 2:11-cv-01387-PMP-CWH
                                     )
vs.                                  )       **ORDER**
                                     )
FIESTA PALMS, LLC, *et al.*,         )
                                     )
                    Defendants.      )
_____)

         This matter is before the Court on Defendants Fiesta Palms, LLC, N-M Ventures, LLC, and N-M Ventures II, LLC's Motion for Attorneys Fees (#80), filed on November 15, 2013.  The Court also considered Plaintiff's Response (#82), filed on December 2, 2013.

                              **BACKGROUND**

         On October 3, 2013, the Court conducted a Settlement Conference in this action pursuant to a referral by Judge Philip M. Pro.  *See* Minutes of Proceedings #70; *see also* Order #66.  In the Scheduling Order for the Settlement Conference, the Court ordered an officer or representative of Plaintiff to personally appear.  *See* Order #67.  It is the Court's understanding that Tom Sonnen is the managing director of Plaintiff CLM Partners LLC, holds 100% ownership of Plaintiff CLM Partners LLC, and there are no other officers or representatives of Plaintiff CLM Partners LLC. On October 3, 2013, Tom Sonnen did not personally appear at the Settlement Conference as required and no prior request for an exception to the personal attendance requirement was filed. Additionally, Counsel for Plaintiff CLM Partners LLC, Franklin Levy, represented that he had full settlement authority for Plaintiff, but was substantially unprepared to participate.  The Court issued an Order to Show Cause and requested written briefing from Plaintiff as to why it should not impose sanctions for Tom Sonnen's failure to appear and Franklin Levy's failure to substantially prepare.  *See* Order #71.  In the Court's Scheduling Order and Order to Show Cause, Plaintiff was warned that failure to comply with the requirements or participate in the

1   settlement conference in good faith may subject it to sanctions under Federal Rule of Civil

2   Procedure 16(f). *See* Orders #67 and #71. Accordingly, the Court sanctioned Plaintiff in the

3   form of attorneys fees to Defendants for attending the settlement conference and costs and

4   attorneys fees for preparation and attendance of the order to show cause hearing. *See* Minutes of

5   Proceedings #76. In doing so, the Court ordered the parties to meet and confer regarding the

6   amount and Defendants to submit a motion within two weeks if unable to reach an agreement.

7   On November 15, 2013, Defendants filed the instant motion requesting $17,720 in attorneys fees

8   and $182 in costs based on time spent in preparation for and attendance of both the settlement

9   conference and order to show cause hearing. On December 2, 2013, Plaintiff filed a response

10  contending that it is unfair to award fees for preparation for the settlement conference, the

11  attorneys' hourly rates are not based on what Defendants are charged, and the number of hours is

12  excessive.

13                          **DISCUSSION**

14          **A.        Sanctions Pursuant to Rule 16**

15          The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and

16  inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. It is with that

17  charge as a guide that this Court construes and administers the Federal Rules. There are several

18  mechanisms whereby the Court can accomplish this goal, such as entering sanctions against a

19  party that fails to comply with the Federal Rules or unnecessarily multiplies the proceedings.

20          For example, Federal Rule of Civil Procedure 16 is a central pretrial rule that authorizes

21  the court to manage cases "so that disposition is expedited, wasteful pretrial activities are

22  discouraged, the quality of the trial is improved, and settlement is facilitated." *In re*

23  *Phenylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006).

24  "Subsection (f) puts teeth into these objectives by permitting the judge to make such orders as are

25  just for a party's failure to obey a scheduling or pretrial order." *Id*. Rule 16(f) specifically

26  provides that "the court may issue any just orders, including those authorized by Rule

27  37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial

28  conference; is substantially unprepared to participate . . . or fails to obey a scheduling order or

other pretrial order." Similarly, Local Rule IA 4-1 provides, "The Court may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney . . . who, without just cause: [f]ails to prepare . . . or [f]ails to comply with any order of this Court."

Whether a party and/or its counsel disobey a pretrial order intentionally is not determinative of whether Rule 16(f) sanctions may be imposed. *See Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001) (sanctions may be imposed when disobedience of order is unintentional). Accordingly, the Ninth Circuit has found that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith. *See Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); *see also Painters Joint Committee, et al. v. J.L. Wallco, et al.*, 2013 WL 3930485 (D. Nev. July 26, 2013). Moreover, Rule 16 specifies that "the court must order the party, its attorney, or both to pay the reasonable expenses - including attorney's fees - incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

At the Order to Show Cause Hearing on November 1, 2013, the Court determined that Rule 16(f) sanctions were warranted due to Plaintiff's failure to appear at the Settlement Conference in violation of Scheduling Order #67 and Plaintiff's Counsel being substantially unprepared to participate. *See* Transcript of Proceedings #79, 10-11. In doing so, the Court found that Plaintiff's failure to appear and be substantially prepared in violation of its Scheduling Order was not substantially justified and it would not be unjust to award fees and costs. Although Plaintiff's counsel stated that it is "out of character . . . to have messed up so badly," Rule 16(f) applies even to unintentional violations of court orders. Transcript #79, 6. Additionally, the Court finds that the nonappearance of Tom Sonnen and Plaintiff's counsel's failure to substantially prepare to discuss the details of the case unnecessarily multiplied the proceedings. Meaningful and productive settlement conferences are vital to the judicial process and assist district courts in managing their heavy caseload. *See, e.g., Pittman v. Brinker Internat'l, Inc.*, 216 F.R.D. 481, 486 (D. Ariz. 2003). Therefore, the Court will sanction Plaintiff

1    under Rule 16(f) in the form of Defendants' attorneys fees and costs for the order to show cause

2    briefing and hearing and attendance at the October 3, 2013 settlement conference.

3                   **1.      Magistrate Judge Authority**

4          Plaintiff contends that the undersigned does not have authority to award attorneys fees

5    and this matter should be submitted to the district judge.  The Court finds that the authority

6    Plaintiff cites for this proposition is not relevant to the sanctions imposed in this order and not

7    the law in the Ninth Circuit.  Magistrate judges are statutorily authorized to resolve any "pretrial

8    matter" subject to review by district judges under the clearly erroneous or contrary to law

9    standard.  28 U.S.C. § 636(b)(1)(A); *see* LR IB 3-1.  The Ninth Circuit has determined that

10   "sanction under Rule 11 and Rule 37 are non-dispositive and thus fall under [section]

11   636(b)(1)(A)."  *Montgomery v. Etreppid Technologies, LLC*, 2010 WL 1416771 *12 (D. Nev.

12   April 5, 2010) (citing *Grimes v. City & County of San Francisco*, 951 F.2d 236, 240 (9th Cir.

13   1991) (Rule 37)); *see also Maisonville v. F2 America, Inc.*, 902 F.2d 746, 747-48 (9th Cir. 1990)

14   (Rule 11).  In *Montgomery*, this Court also found that sanctions pursuant to 18 U.S.C. § 1927 or

15   the Court's inherent power are also non-dispositive and, therefore, may be addressed by a

16   magistrate judge in a pretrial order under section 636(b)(1)(A).  2010 WL 1416771 *12.

17         Furthermore, courts within the Ninth Circuit have found that a magistrate judge's

18   authority extends to the imposition of monetary sanctions for the failure of a party to comply

19   with the magistrate judge's settlement conference order.  *See Tamura v. F.A.A.*, 908 F.2d 977

20   (9th Cir. 1990) (unpublished) (noting that "the uncritical assumption is that Rule 16(f)" grants

21   authority to magistrate judges authority to levy sanctions); *Pitman v. Brinker Intern.*, 216 F.R.D.

22   481, 483 (D. Ariz.) (finding that Rule 16(f) applies to all pretrial orders), *amended on review on*

23   *other grounds*, 2003 WL 23353478 (noting that "[a] magistrate judge has legal authority to

24   impose sanctions for violations of its orders [under Rule 16(f)]"); *Fadem v. American States*

25   *Preferred Ins. Co.*, 2013 WL 5492776 (D. Nev. Oct. 2, 2013) (magistrate judge entering

26   monetary sanctions under Rule 16(f) for failure to comply with pretrial order); *Painters Joint*

27   *Committee v. J.L. Wallco*, 2013 WL 3930485 (D. Nev. July 26, 2013) (magistrate judge entering

28   monetary sanctions under Rule 16(f) for failure to comply with order regarding settlement

conference); *Hansen v. State Farm Mut. Auto. Co.*, 2013 WL 1385639 (D. Nev. April 3, 2013) (magistrate judge awarding reasonable costs and attorney's fees under Rule 16(f) for failure to attend settlement conference in good faith); *Sherwin v. Infinity Auto Ins. Co.*, 2013 WL 1182204 (D. Nev. March 19, 2013) (magistrate judge declining to enter sanctions under Rule 16(f) for parties behavior during court ordered settlement conference); *Wilson v. KRD Trucking West*, 2013 WL 836995 (D. Nev. March 6, 2013) (magistrate judge entering monetary sanction under Rule 16(f) for failure to bring all necessary parties to court ordered settlement conference); *Alroma, LLC v. Silverleaf Financial LLC*, 2012 WL 1532550 (D. Nev. May 1, 2012) (magistrate judge awarding attorney fees as a sanction under Rule 16(f) for failure to attend court ordered settlement conference).

In addition, the Local Rules specifically delegate the duty of conducting settlement conferences to the magistrate judge. *See* LR IB 1-9(b). Furthermore, in this action, Judge Philip M. Pro referred this matter for a settlement conference before the undersigned on June 18, 2013. *See* Order #66. Most importantly, as previously stated, the undersigned has authority under Rule 16(f) to award any "just" sanction and under Local Rule IA 4-1 for "any and all appropriate" sanctions against a party and attorney for violation of a pretrial order. The Court has found that Plaintiff violated its Scheduling Order #67 by Tom Sonnen's failure to appear and Plaintiff's counsel's failure to substantially prepare. Accordingly, the undersigned has authority to enter a sanction in the form of attorneys fees and costs.

More significantly, the authority that Plaintiff cites in support of its proposition is from the Seventh Circuit, Sixth Circuit, and Second Circuit.[1] These cases are all factually distinct because they address the authority of a magistrate judge to enter sanctions pursuant to Federal Rule of Civil Procedure 11.[2] This Order involves monetary sanctions for violating a court order

---

[1] Plaintiff cites *Alpern v. Lieb*, 38 F.3d 933 (7th Cir. 1994), *Bennett v. General Caster Service of N. Gordon Co.*, 976 F.2d 995 (6th Cir. 1992), and *Kiobel v. Millson*, 592 F.3d 78 (2d Cir. 2010).

[2] In fact, the Second Circuit declined to decide the issue of magistrate judge authority for Rule 11 sanctions in *Kiobel* and the three concurring opinions express differing views. 592 F.3d 78. Plaintiff relies on one concurring opinion that expresses the view that a magistrate judge does not have authority to enter Rule 11 sanctions, but fails to mention that the issue was not decided. *See id.* (Cabrenes, J. concurring).

1    pursuant to Rule 16.  Additionally, the authority cited by Plaintiff is contrary to established Ninth

2    Circuit precedent.  The Ninth Circuit has found that pretrial requests for monetary sanctions

3    under Rule 11 are non-dispositive and may be considered by a magistrate judge.  *See, e.g.,*

4    *Maisonville*, 902 F.2d at 747-48 (finding the imposition of Rule 11 sanctions nondispositive and

5    a matter within the jurisdiction of the magistrate judge without the need for the parties' consent).

6    Accordingly, the Court will now turn to its consideration of the amount of the Rule 16(f)

7    sanction.

8              **B.      Reasonableness of the Fee Request**

9         The Ninth Circuit affords trial courts broad discretion in determining the reasonableness

10   of fees.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  Courts typically follow a

11   two-step process.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court

12   must calculate the lodestar amount "by taking the number of hours reasonably expended on the

13   litigation and multiplying it by a reasonable hourly rate."  *Id.*  Second, the Court "may adjust the

14   lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial

15   calculation."  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

16   Some of the relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of

17   the questions involved, (3) the skill requisite to perform the legal service properly, (4) the

18   preclusion of other employment by the attorney due to acceptance of the case, (5) the customary

19   fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the

20   circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and

21   ability of the attorney, (10) the undesirability of the case,[3] (11) the nature and length of the

22   professional relationship with the client, and (12) awards in similar cases.  *Kerr v. Screen Extras*

23   *Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976); *see also*

24   *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  In most cases, the lodestar figure is a

25   presumptively reasonable fee award.  *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978

26

27              [3]This factor has been called into question by the Supreme Court's ruling in *City of Burlington
     v. Dague,* 505 U.S. 557, 561-564 (1992).  *See also Davis v. City & Cty. of San Francisco*, 976 F.2d
28   1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993)
     (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

1    (9th Cir. 2008).

2                    **1.      Reasonable Hourly Rate**

3            The Supreme Court has held that reasonable attorney fees must "be calculated according

4    to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96

5    n.11 (1984).  The relevant community consists of the forum in which the case is pending.

6    *Camacho,* 523 F.3d at 978.  The court may consider rates outside the forum if local counsel was

7    unavailable because they lacked the degree of experience, expertise, or specialization required to

8    properly handle the case.  *Id*. (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).

9    Additionally, the court must consider the market rate in effect within two years of the work

10   performed.  *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003).  The fee applicant has

11   the burden of producing satisfactory evidence that "the requested rates are in line with those

12   prevailing in the community for similar services by lawyers of reasonably comparable skill,

13   experience, and reputation."  *Id.*  Such evidence may include affidavits of the fee applicant's

14   attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate

15   determinations in other cases.  *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v.*

16   *Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)).  The opposing party "may introduce

17   rebuttal evidence in support of a lower hourly rate."  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th

18   Cir. 2001).  If the fee applicant has not met its burden of establishing the reasonableness of the

19   requested rates, the court may determine the rate based on its experience and knowledge of

20   prevailing rates in the community.  *See, e.g., Bademyan v. Receivable Mgmt. Servs. Corp.*, 2009

21   WL 605789 at *5 (C.D. Cal. 2009).

22           Defendants seek fees for James J. Pisanelli ("Pisanelli") based on an hourly rate of $650.

23   Pisanelli's Declaration states that he has been practicing law for 23 years and is charging his

24   customary rate of $650 to Defendants.  *See* Declaration #80-1.  In addition, Defendants seek fees

25   for Jennifer L. Braster ("Braster") and Jarrod L. Rickard ("Rickard") who have been practicing

26   for over 7 years and are charging their customary fees of $400.  Plaintiff contends that

27   Defendants have not provided evidence that the above hourly rates are actually being paid by

28   rather than a lower negotiated hourly rate.  However, Plaintiff failed to provide a declaration or

     other satisfactory evidence in support of a lower hourly rate.  *See Sorenson*, 239 F.3d at 1145.  In

addition, Defendants provided a Declaration from Pisanelli that states, under the penalty of perjury, that he is charging the above rates to Defendants.  The prevailing market rate analysis is a distinct question from the hourly rate actually charged to the client.

After careful consideration, the Court finds the hourly rates of $650 and $400 are not reasonable for this forum and for the specific service provided.  While the Court recognizes that defense counsel work for a law firm with an excellent reputation and Pisanelli is one of the lead partners of the firm, the Supreme Court requires the court to calculate attorneys fees based not just on the hourly rate charged, but on the prevailing market rate in the community for similar services by comparable lawyers.  *See Blum*, 465 U.S. at 895-96.  The Court finds that Defendants failed to produce satisfactory evidence to establish the rates of $650 and $400 as commensurate with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  *Camacho*, 523 F.3d at 979 (citation omitted). Although Defendants provided one declaration and firm profiles for the three attorneys to support the requested rates, no other evidence including affidavits from other attorneys or rate determinations in other cases was provided.  The Court notes that rate determinations in other cases in the District of Nevada have found hourly rates as much as $450 for a partner and $250 for an experienced associate to be the prevailing market rate in this forum.  *See, e.g., Marrocco v. Hill*, 291 F.R.D. 568 (D. Nev. 2013) (finding reasonable hourly rate in community of Nevada to be $375-$400 for partner with over 35 years of experience); *Aevoe Corp. v. Shenzehn Membrane Precise Electron, Ltd.*, 2012 WL 2244262 (D. Nev. June 15, 2012) (finding $400 reasonable for a partner in a firm that concentrates on complex intellectual property litigation); *Agarwal v. Oregon Mut. Ins. Co.*, 2013 WL 5882710 (D. Nev. October 30, 2013) (finding $300 per partner hour and $260 per associate hour reasonable); *Stephens Media LLC v. Citihealth, LLC*, 2013 WL 4045926 (D. Nev. Aug. 7, 2013) (finding rates between $400 and $185 to be reasonable); *In re USA Commerical Mortg. Co.*, 2013 WL 3944184 (D. Nev. July 30, 2013) (finding rates between $170 and $420 to be reasonable and $275 to $775 to be unreasonable); *Cervantes v. Emerald Cascade Restaurant Systems, Inc.*, 2013 WL 3878692 (D. Nev. July 25, 2013) (finding $450 to be excessive and reducing it to $275); *Plaza Bank v. Alan Green Family Trust*, (D. Nev. April 24, 2013) (finding $425-$475 for partner time reasonable, but $275-$375 for associate time to be

excessive based on the prevailing market rate and adjusting the amount to $250-$325).

Additionally, the Court is awarding the attorneys fees as a Rule 16(f) sanction for Plaintiff's failure to comply with a court order; this is not a matter of extreme complexity that requires rare expertise. Accordingly, based on the Court's experience and knowledge of the prevailing rates in the community, the Court will adjust the hourly rate for Pisanelli to $450 and for Braster and Rickard to $250.

## 2.    Reasonable Hours Expended

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). In cases where the motion is granted in part and denied in part, the Court may apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(c).

Defendants request $17,720 in attorneys fees and $182 in costs based on 38.50 hours spent in preparation for and attendance of both the settlement conference and order to show cause hearing. Plaintiff contends that the hours claimed are excessive for several reasons. First, Plaintiff contends that the Court should not award fees for time spent in preparation for the settlement conference given that it has been rescheduled and that time was not wasted due to Plaintiff's non-compliance with the court's order. At the Order to Show Cause hearing, the Court specified that it would award attorneys fees and costs for Defendants' participation in the settlement conference. *See* Transcript #79, 11. As such, the Court will award fees for Pisanelli's and Braster's attendance at and participation in the settlement conference from 9:00 a.m. until 11 a.m. on October 3, 2013 in the amount of $1,400.[4] *See* Minutes of Proceedings #70.

---

[4] Plaintiff erroneously stated that the settlement conference lasted from 9:00 a.m. to 10:15

1    Defense counsel was thoroughly prepared to discuss the merits of the case and provided the

2   undersigned with detailed information regarding the contract at issue and each category of

3   damages.  The Court notes that preparation for the settlement conference is not wasted time as

4   the settlement conference has been rescheduled and should be excluded from the sanction.

5   Defendants allege, and the Court recognizes, that they will have to repeat the preparatory work to

6   refresh memory and engage in a meaningful discussion.  However, new settlement statements

7   were not required to be drafted and the Court anticipates that additional review of documents to

8   refresh memory should not take an extensive amount of time.  The Court finds that the sanction

9   should be limited to the time spent participating in the settlement conference on October 3, 2013.

10   As such, the Court will not include attorneys fees from September 19, 2013 through October 2,

11   2013 or costs from September 1, 2013 through September 27, 2013 in the sanction amount.

12   Accordingly, the Court will reduce the requested hours by 18.1 and the costs by $101.6.  *See*

     Defs' Mot. #80, Exh. 6.

13       Plaintiff also contends that the Defendants citation to LR 54-16 as a framework for their

14   fee application is in error.  However, Plaintiff failed to cite any authority for that proposition and

15   is in fact, mistaken.  LR 54-16 details the necessary information for any application for attorneys

16   fees regardless of whether they are submitted post-judgment.  Moreover, LR 54-16 mirrors the

17   *Kerr* factors that the court should consider when calculating the lodestar amount.  526 F.2d at 69-

18   70 (9th Cir. 1975); *see also Hensley*, 461 U.S. at 434.  Rather than this information being a

19   justification for reducing the hours requested, the Court finds this information necessary to

20   determine whether the hours were reasonably expended.

21       In addition, Plaintiff contends that the hours expended on the order to show cause

22   briefing were excessive because three attorneys were not needed to prepare for and attend the

23   hearing.  The Court notes that the order to show cause hearing lasted from 3:00 p.m. until 3:18

24   p.m.  Accordingly, it will award fees for Pisanelli's and Braster's attendance and participation in

25   the hearing.  However, the Court notes that there is some duplication in the preparation work for

26   the order to show cause hearing.  For example, after Rickard drafted the reply to the order to

27   show cause, Pisanelli reviewed and revised in while working with Rickard.  The Court will

28   a.m.  *See* Pla.'s Resp. #82, 3.

reduce the hours expended with respect to this event from 4.2 to 2.1. Similarly, in preparing for the order to show cause, Pisanelli and Braster expended hours on October 30 and prior to the hearing on November 1. The Court will reduce the hours expended for this event from 6.1 to 3.05, which includes the 18 minute hearing.

Further, the Court notes reduction of hours will also be made for insufficient documentation. For example, the Court finds Pisanelli's work on October 29, 2013 regarding case strategy and redacted emails and Rickard's work on the same day on redacted emails to be insufficiently documented for the Court to determine that it was necessary to the order to show cause. Similarly, Rickard's review of the surreply and redacted emails on October 30 and 31 were unnecessary given that the Court struck the surreply without motion practice from Defendants.

Overall, the Court will reduce the hours reasonably expended for Rickard to 2.3 for a total of $575 in fees, for Braster to 7.6 for a total of $1,900, and for Pisanelli 6.4 for a total of $2,880. Therefore, the Court finds that Defendants are entitled to an award of $5,355 in fees based on 16.3 hours of work and $80.40 in costs for a total sum of $5,435,40.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendants Fiesta Palms, LLC, N-M Ventures, LLC, and N-M Ventures II, LLC's Motion for Attorneys Fees (#80) is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay Defendants Fiesta Palms, LLC, N-M Ventures, LLC, and N-M Ventures II, LLC the total sum of $5,435,40. Plaintiff is further ordered to make full payment to Defendants by **January 3, 2014**.

**IT IS FURTHER ORDERED** that Plaintiff's Counsel shall provide a copy of this Order to Tom Sonnen.

Dated this 5th day of December, 2013.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

- 11 -